ASHTON, (UNITED STATES v.) See Case No. 14,470.

━━━━━

## Case No. 585.

### In re ASKEW.

[3 N. B. R. (1870,) 575, (Quarto, 142.)]

District Court, N. D. Georgia.

BANKRUPTCY—EXEMPTIONS— STATE LAWS—HOMESTEAD.

[The bankrupt act of 1867 expressly limits the exemptions to be allowed to bankrupts to those allowed by the state laws in force in 1864. The law of Georgia then in force (Irwin's Rev. Code, § 2013) allowed the head of a family 50 acres of land. Laws Ga. 1868, allows a debtor to set apart land to the value of $2,000, and, in case of his failure in this respect, empowers the wife to do so, provided that no debtor who has claimed an exemption under said section 2013 shall take any benefit under the later act. *Held*, that a debtor by filing his petition in bankruptcy elected to take the exemption allowed by the bankrupt act, namely that of section 2013, and that a setting apart by the wife of his tract of 510 acres of land as a homestead, of the value of $2,000, was illegal and void.]

[In bankruptcy. The Georgia homestead law, passed October 3, 1868, provides that any head of a family who may be indebted beyond his ability to pay, may, by application to the ordinary of his county, have surveyed and set apart as a homestead $2,000 specie value in realty, and $1,000 specie value in personalty, which shall be exempt from levy and sale by virtue of the process of any

court; that, in case the husband shall neglect or refuse to apply for the setting apart such homestead, the wife may apply to the ordinary, and have the same set apart; that the passage of the law shall not preclude a debtor from choosing the exemptions allowed by Irwin's Rev. Code, § 2013; and that a debtor who chooses the exemptions allowed by one of these laws shall have none of the benefits of the other.]

By the Register: The question here presented for consideration and decision is this: "Can a married woman, under the law, claim a homestead under the new constitution and laws of Georgia, out of the property of her husband, at the same time that the husband seeks relief and a discharge from his debts in a court of bankruptcy, he returning the property in his schedule of assets, out of which he claims a homestead?"

David R. Askew filed his voluntary petition in bankruptcy on the 30th day of December, 1868, and on the same day, Mrs. Eliza A. Askew, his wife, filed her application before the ordinary of Spalding county for the setting apart and valuation of homestead. Mr. Askew returned in his schedule of assets five hundred and ten acres of land. This same land, under the order of the ordinary, was surveyed and platted by the county surveyor on the 8th day of January, 1869, and the whole set apart as a homestead, which action of the county surveyor was approved by the ordinary on the 11th January, 1869, and on the next day, January 12th, 1869, Mr. Askew was adjudged a bankrupt by the court of bankruptcy. It is admitted that Mr. Askew knew of his wife's application to the ordinary, and no one can reasonably doubt that she knew of his application in bankruptcy; so it seems to have been a concerted arrangement between husband and wife—he to get a discharge from his debts in bankruptcy, and she to cover all the property by a homestead under the state exemption law of October 3d, 1868.

The bankrupt law, § 14, [14 Stat. 523,] expressly limits the exemptions to be allowed a bankrupt in bankruptcy to the state exemption laws of force in 1864. The state exemption law that was of force in 1864, in Georgia, is found in Irwin's Revised Code, § 2013. This exempts to each head of a family but fifty acres of land and five acres additional for each child under sixteen years of age. Mr. and Mrs. Askew have three children under sixteen, and under the said 2013th section, would be allowed sixty-five acres as exempt; but under the law of October 3, 1868, Mr. Askew claims the whole five hundred and ten acres. Mr. Askew, being fully cognizant of the action his wife was taking, and offering no objection thereto, thereby showing consent on his part, is in the same condition as if he had made a transfer of the property to his wife, and she, being fully cognizant of his bankruptcy and accepting such transfer by the action she took, is in the same condition as if she had accepted a deed to the property from him. All such transfers are declared void by the 35th section of the bankrupt act.

The act of 1868, [14 Stat. 523,] under which the homestead is now claimed, provides, in the 14th section thereof, that a debtor may take his choice and choose the exemptions allowed by the 2013th section of Irwin's Revised Code, instead of those allowed by this act, and adds: "But no person who shall be allowed the exemptions under those laws, shall take any benefit under this act." Mr. Askew, by filing his petition with the schedules annexed, in bankruptcy, on the 30th day of December, 1868, then elected to take the exemptions allowed by the bankrupt law (the striking from his schedule B 5, the sixty-five acres allowed by the 2013th section, Irwin's Code, can make no difference). The bankrupt law allows that exemption, and the law gives it to him whether he claims it or not. Having elected to go into bankruptcy, he is bound by the provisions of the bankrupt law; and having thus elected to take the exemptions allowed by the 2013th section of Irwin's Code, he is not entitled to any benefit under the state exemption act of 1868.

This is evidently a case wherein the husband and wife are acting in concert, and attempting to dispose of the debts under the bankrupt laws and the assets under the state law. Such a proceeding cannot be tolerated in bankruptcy: because, when a court of bankruptcy takes jurisdiction at all, it assumes the entire jurisdiction of both the person and property of the bankrupt. When a proper case is made, the bankruptcy court takes jurisdiction, and such jurisdiction is exclusive. A proper case was made when Mr. Askew filed his petition in bankruptcy. The bankruptcy court took jurisdiction of Mr. Askew and his property on the filing of his voluntary petition on the 30th December, 1868; hence all his property was in the legal custody of the bankruptcy court from that time, and the action of the court of ordinary of the 8th and 11th January, 1869, is null and void, because then that court had no legal jurisdiction; the property then being in the legal custody of the bankruptcy court. A question may be made as to the time when a court of bankruptcy assumes jurisdiction of the property of a bankrupt. The rule is different in case of voluntary bankruptcy from that in involuntary bankruptcy. In a case of involuntary bankruptcy the bankruptcy is disputed, and the question is not determined until the judgment of the court is pronounced. The adjudication of bankruptcy, in that case, transfers the custody of the property to the court. But in a case of voluntary bankruptcy, the filing of the petition is an acknowledgment under oath of the bankruptcy. The filing of the petition is a surrender of the property named in the schedule to the court for the benefit of

the creditors. On this point Judge Blatchford, of the southern district of New York, in Re Vogel, [Case No. 16,983,] after quoting the several provisions of the bankrupt act relating thereto, uses the following language: "It is manifest from these provisions that when a voluntary petitioner in bankruptcy files his petition, in due form, he becomes eo instanti a bankrupt, so far as any interference with the property named in his schedule is concerned, and that such property is thereby brought into the bankruptcy court, and placed in its custody and under its protection, as fully as if actually brought into the visible presence of the court. Being in the custody of the bankruptcy court, no other court, and no person acting under any process from any other court, can, without the permission of the bankruptcy court, interfere with it, and to so interfere is a contempt of the bankruptcy court." Peck v. Jenness, 7 How. [48 U. S.] 612, 625; Williams v. Benedict, 8 How. [49 U. S.] 107; Wiswall v. Sampson, 14 How. [55 U. S.] 52, 66; Peale v. Phipps, Id. 368, 374; Taylor v. Carryl, 20 How. [61 U. S.] 583, 594–597; Freeman v. Howe, 24 How. [65 U. S.] 450; Buck v. Colbath, 3 Wall. [70 U. S.] 334.

This is a case of voluntary bankruptcy. David R. Askew filed his voluntary petition in bankruptcy, on the 30th day of December, 1868, and eo instanti he was a bankrupt, so far as any interference with the property named in his schedule is concerned; and hence the survey and valuation of property, and setting apart the homestead under the process of the court of ordinary on the 8th of January, 1869, and its approval by the ordinary on the 11th, were unauthorized by law, and are null and void. The five hundred and ten acres of land and other property named in the schedule, filed with his petition in bankruptcy, by David R. Askew, on the 30th day of December, 1868, except such portion thereof as is exempt by the bankrupt law, and the state exemption laws of force in the year 1864, must pass to the assignee in bankruptcy, for the benefit of the bankrupt's creditors.

Alexander G. Murray, Register.

ERSKINE, District Judge. I have read and carefully considered the arguments of the respective counsel in this matter, and I approve the opinion of the register, and affirm his clear and able decision. The clerk will certify this affirmation to the register.